## GREAT WESTERN R. R. SUPPLY CO.

v.

## GEORGE GUENTHER.

</div>

1. BURDEN OF PROOF.—As the paper read in evidence was not a receipt, and the testimony intended to give it that character was contradicted by appellees, the burden of maintaining the defense interposed rested on appellant. As there is no error in the record the judgment is affirmed.

Appeal from the Circuit Court of St. Clair county; the Hon. Amos Watts, Judge, presiding. Opinion filed November 27, 1885.

Messrs. Flannigan & Canby, for appellant.

Mr. A. S. Wilderman, for appellee.

Green, J. This suit was brought by appellee against the appellant to recover damages for a crop belonging to appellee, and alleged to have been destroyed by the employes of the appellant. A trial was had in the court below by the court without a jury which resulted in a finding for appellee and a judgment thereon against appellant for $95 whereupon this appeal was taken. No propositions of law were asked to be held by the court on the trial. On the trial, plaintiffs below introduced evidence proving the destruction of grain, vegetables, etc., belonging to him by said employes, and also proved the amount of damages he had thereby sustained. In defense appellant set up that an agreement had been made between it and Guenther whereby the sum of $50 was fixed and settled as the amount he would take in full satisfaction for all his damages sustained by the acts of said employes, and that appellant paid him that sum under the agreement. To maintain this defense, Jackson, a director and stockholder of appellant company, was introduced as a witness on its behalf on the trial, and testified in substance that Guenther came to the office in St. Louis and demanded $50 for his damages; that witness on behalf of appellant allowed him that sum and he (Guenther) then agreed to take one share of the capital stock of said company in lieu of the money; that the shares were one hundred dollars each, and that appellee still owed the balance of his subscription; that witness thus gave Guenther $50 for the damages and had his receipt therefor signed by Guenther, and witness then produced the same, and it was also read in evidence on behalf of appellant, and is a subscription paper with a printed heading containing these words: "The undersigned hereby subscribe to the capital stock of the Great West-

ern R. R. Supply Company for the number of shares set opposite our respective names." Under this printed heading in the column headed "names" appear these words in the handwriting of Guenther:

"1884, August 9, George Guenther one share.

"Aug. 9. Fifty per cent. paid."

In rebuttal, Guenther flatly contradicts Jackson in respect to the essential details of the interview and transaction between himself and Jackson, and gives a version of that interview indicating that no subscription for stock was then made or intended to be made by him, and no agreement to take stock in lieu of money for his damages, or fixing the amount he would take, etc., was made, and further testifies that Jackson then promised to pay him his damages for his crop destroyed, when McLean, the treasurer of appellant (then absent) should return. In addition to this testimony of Guenther, appellee read documentary evidence, showing that the full amount of the capital stock of appellant had been subscribed for prior to August 9, 1884.

We are satisfied from an examination of the record that plaintiff below proved enough to justify the court in its finding and judgment. And as the burden of maintaining the defense interposed rested on appellant we can not say that the court below erred in believing the testimony of appellee in preference to that of Jackson, and in holding that appellant's defense was not proven. We further concede the propositions of law insisted upon by counsel for appellant in their brief to be correct, viz.: "That a receipt may be explained or contradicted by parol evidence." That to do away with the force of a written receipt the proof should be convincing, and the burden of proof rests on the party attempting the explanation, and "That a final settlement by appellee with appellant for these damages would be binding," but we fail to perceive the applicability of these propositions to the facts in this case. The paper read in evidence was not a receipt and the testimony of Jackson intended to give it that character was contradicted by Guenther, and in like manner the testimony of Jackson tending to prove an agreement and settlement be

tween the parties was contradicted by Guenther. We find no error in the record requiring the reversal of the judgment of the court below and the same is affirmed.

<div align="right">Judgment affirmed.</div>